

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JIMMIE POPE,

    Plaintiff,

v.                                                           Civil Action No. **3:13CV596**

**DAVID L. SIMMONS,** *et.al*,

    Defendants.

## MEMORANDUM OPINION

Jimmie Pope, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] By Memorandum Order entered April 9, 2014, the Court directed Pope to file a particularized complaint because he failed to identify the particular constitutional right that was violated by Defendants' conduct. The Court provided specific directions for filing a particularized complaint. On April 17, 2014, the Court received Pope's Particularized Complaint. (ECF No. 17.) Pope's Particularized Complaint failed to comply with the directions in the Court's April 9, 2014 Memorandum Order. The Particularized Complaint contained a more sparse statement of the facts giving rise to his claims for relief than the original complaint and failed to include a prayer for relief. Because Pope's allegations again failed to provide each defendant with fair notice of the facts and legal basis upon which his or her liability rests, the

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Court again provided Pope another opportunity to correct the identified deficiencies. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); (ECF No. 19). The Court warned Pope that the particularized complaint would supplant the prior complaints. (ECF No. 19, at 2.) Pope filed a second Particularized Complaint. ("Complaint," ECF No. 20.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(a) and 1915(e)(2).

### A. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

2

than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (second alteration in original) (quoting *Conley*, 355 U.S. at 47). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Allegations

In his terse Complaint,[2] Pope alleges, in sum:

> STATEMENT OF FACTS:
> 8. On Dec. 12-20-12, I wrote the Attorney General and others outside of house, because I could not get the proper response from any staff member about my safety. So then I made all the staff members aware of the problems I was having, but I only received rejection and punishment from one month to another. I received three different charges, lost all privileges and [was] placed in solitary confinement each time because all the defendants' actions deprived me of safety at the H.R.R.J.
>
> CLAIM:
> 9. Plaintiff alleges that he has been denied of equal protection of law[3] by all defendant[s], treating the plaintiff cruel and unusual [and] violating the plaintiff's 8th Amendment[4] rights under the United States Constitution.

(*Id.* at 2.) Pope names as Defendants, David L. Simmons, Warden of the Hampton Roads Regional Jail, Officer Dickinson "a member of classification of the Hampton Roads Regional Jail," and Sgt. Brown "a staff member of Hampton Roads Regional Jail." (*Id.*) Pope seeks monetary damages. (*Id.* at 3.)

### C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Furthermore, "[b]ecause vicarious liability is

---

[2] The Court has corrected the capitalization, spelling, and punctuation in the quotations from Pope's Complaint.

[3] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

inapplicable to . . . § 1983 suits, a plaintiff must [allege] that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that the doctrine of *respondeat superior* is inapplicable to § 1983 actions). Pope's Complaint only mentions each Defendant's title and position and wholly fails to allege how each Defendant was personally involved in the deprivation of his rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *U.S. ex rel. Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

Pope fails to state a claim against Defendants. Pope fails to allege any facts suggesting that Defendants had any direct involvement or personal responsibility in the alleged deprivation of his constitutional rights. Pope's claim will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4-3-15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge